**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RIVERS BEND HOLDINGS, L.L.C.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and the CITY OF CAMDEN, a Municipal Corporation of the State of New Jersey;<br><br>Defendants, | CIVIL ACTION No.<br><br><br><br>COMPLAINT TO QUIET TITLE, DETERMINE VALIDITY OF TAX ASSESSMENTS AND TAX SALES, AND FOR FORECLOSURE OF TAX SALE CERTIFICATES AND/OR FOR RELATED AND ANCILLARY RELIEF |

Plaintiff, Rivers Bend Holdings, L.L.C., by way of Complaint, say:

**JURSIDICTION AND VENUE**

1. The United States District Court for the District of New Jersey is vested with original jurisdiction over this action pursuant to 28 U.S.C. 2409 and 28 U.S.C. 1346(f).

2. Venue of this matter in the District of New Jersey is proper as all parties reside or conduct business in this district and the real property underlying this suit is located within the State of New Jersey, and as provided by 28 U.S.C. 1391(b) and (e).

## GENERAL ALLEGATIONS AND PARTIES

3. The Plaintiff, Rivers Bend Holdings, L.L.C., located at 3500 Maple Avenue, 17th Floor, Dallas TX 75219.

4. Defendant UNITED STATES OF AMERICA is the federal government.

5. Defendant CITY OF CAMDEN is a municipal corporation of the State of New Jersey, located at 6th & Market Streets, P.O. Box 95120, in the City of Camden and County of Camden, New Jersey.

## THE REAL PROPERTY AFFECTED BY THIS ACTION

## 1132 LAKE SHORE DRIVE, BLOCK 636, LOT 32, CAMDEN CITY

6. The real property that is the subject of this complaint is identified as 1132 Lake Shore Drive, BLOCK 636, LOT 32, CAMDEN CITY, County of Camden, in the State of New Jersey.

7. By Deed dated September 18, 1997 and recorded January 14, 1998 in Camden County Deed Book 4927 Page 680, Gwendolyn E. Jackson, Esq., Foreclosure Commissioner conveyed title to the premises to SECRETARY, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, an Officer of the United States of America.

8. At the present time, the record owner of the real property is the United States of America.

9. Pursuant to New Jersey law, taxes for the year 2008 and 2009 constituted a lien upon the premises not later than the first day of the calendar year of 2008.

10. When the 2008 and 2009 taxes went unpaid, the municipality held a tax sale.

11. On June 22, 2009, at a tax sale was held by the Tax Collector of the City of Camden, and the property was sold, in fee simple subject to redemption, to RIVERS BEND HOLDINGS, L.L.C., for the sum of $931.90.

12. A tax sale certificate bearing number 09-00960 was issued to RIVERS BEND HOLDINGS, L.L.C. memorializing this sale, and such certificate was recorded September 3, 2009 in Camden County Mortgage Book 9095 at Page 1896.

13. Plaintiff alleges that the 2008-2009 taxes constitute a valid lien against the real property and that the fee simple title of the United States of America is encumbered by the lien of such taxes.

## COUNT ONE
### (QUIET TITLE & DECLARATORY JUDGMENT)

14. Plaintiff repeats the above allegations as if set forth here at length.

15. Plaintiff seeks to exercise its legal rights and remedies afforded under N.J.S. 54:5-1 et. seq. and other statutory and common law sources.

16. Plaintiff's legal rights and remedies are predicated on the validity and the enforceability of the tax sale certificates of which they are the lawful holders and the liens underlying such certificates.

17. There is an actual and bonafide question and dispute as to the

validity of the taxes, the tax sale certificates and the liens underlying same that cloud the title to the aforementioned property.

18. The claims made by Plaintiff and Defendants against the property clouds the title to the real property, depreciates the market value, prevents and/or limits its use and/or sale, as well as foreclosure thereof, and prevent Plaintiff from enforcing their rights as holder of tax sale certificates against such premises.

19. Plaintiff is entitled to a declaratory judgment quieting title and adjudicating the validity of the taxes, tax sales and tax sale certificates, together with an adjudication concerning the nature and extent of the claims of any or all of the Defendants in, to, or against the property in question.

20. There is between the parties an actual bona fide and substantial question in issue and dispute, and a substantial uncertainty of legal relations requiring settlement.

WHEREFORE, Plaintiff prays for judgment

(a) quieting title in and to the real property pursuant to 28 U.S.C. 2409, and applicable New Jersey Law;

(b) adjudicating the validity of the tax sales, tax sale certificates, and liens for taxes against the real property;

(c) determining the extent, if any, that the defendants or any of them have any right, title, interest, claim in or to such lands

and premises.

    (d)  Awarding Plaintiff reasonable attorney fees and costs;

    (e)  For such other relief as the Court deems just and proper.

## COUNT TWO
### (REFUND FROM TRENTON CITY)

21. Plaintiff repeats the above allegations as if set forth here at length.

22. Plaintiff purchased the tax sale certificates in good faith, and provided valid consideration for the purchase thereof.

23. In the event said tax sale certificates are set aside, reformed, or determined to be invalid, Plaintiff is entitled to a refund of monies paid to the municipality.

24. Such relief is required by applicable law including but not limited to N.J.S. 54:5-43.

25. In the event said tax sale certificates are set aside, reformed, or determined to be invalid, Plaintiff is entitled to the entry of judgment against the municipality.

WHEREFORE, Plaintiff prays for judgment against the City of Trenton for damages, together with lawful interest thereon, costs, counsel fees, and such other relief as the Court deems just and proper.

## COUNT THREE
### (FORECLOSURE)

26. Plaintiff repeats the above allegations as if set forth here at length.

27. In the event that the tax sale certificates are determined to be valid, Plaintiff desires to foreclose the right of redemption of the various defendants.

28. The plaintiff is the holder of the above mentioned tax sale certificates against the real property.

29. More than two years have elapsed since the sale of said lands pursuant to such certificates. Redemption thereof has not been made. There is due thereon the total amount thereof, together with interest, subsequent liens, and charges.

30. All municipal taxes and other municipal liens against the said lands and premises have been paid to the time of the commencement of this action and/or plaintiff tenders themselves ready and willing to pay all municipal liens asserted against said lands on and after the delinquency for which said tax sale or sales were held, up to and including the filing of this complaint.

31. Any claim or interest any of the defendants hereinafter named may have in the said lands is subject to the lien of plaintiff's Certificates of Tax Sale.

32. During the course of this action the plaintiff may pay the subsequent municipal liens that have accrued on said lands, in which event the sums so paid, with interest thereon at the rate chargeable by said municipality on delinquent taxes, will become a part of the amount required to redeem said lands from the plaintiff's certificates of tax sale, in accordance with

the statute in such case made and provided.

33. Upon the entry of judgment in this count, Plaintiff is entitled to possession of the property described herein. Defendants have, at all relevant times, deprived plaintiff of such possession.

WHEREFORE, plaintiff demands judgment as follows:

A. That the amount due on their tax sale certificates be fixed.

B. That plaintiff be paid the amounts due on its tax sale certificates, together with interest and costs, by a day to be appointed by this Honorable Court, for that purpose, and, if necessary, that a judicial sale of the premises be held, or

C. In default thereof, that the said defendants and all persons claiming by, through or under them, may be debarred and foreclosed of and from all equity and right of redemption in and to the premises in the said certificates of tax sale mentioned and described, and every part thereof.

D. That plaintiff be vested with an absolute and indefeasible estate of inheritance in fee simple in said lands and premises.

E. That the said defendants and all persons claiming by, through or under them be directed to deliver up to the plaintiff the possession of the said lands and premises, together with all deeds, papers and writings in their custody or power relating to or concerning the

said lands and premises or any part thereof.

                                            **HONIG & GREENBERG, L.L.C.**
                                            Attorneys for Plaintiff
                                            RIVERS BEND HOLDINGS, LLC
                                            /s/ Adam D. Greenberg
                                            By: Adam D. Greenberg

Dated: March 21, 2013
Cherry Hill, New Jersey

                            DESIGNATION OF TRIAL COUNSEL

    PLEASE TAKE NOTICE that Adam D. Greenberg, Esquire, is hereby designated as trial counsel for Plaintiff in this cause.

                                            **HONIG & GREENBERG, L.L.C.**
                                            Attorneys for Plaintiffs
                                            RIVERS BEND HOLDINGS, LLC
                                            /s/ Adam D. Greenberg
                                            By: Adam D. Greenberg

Dated: March 21, 2013
Cherry Hill, New Jersey

                                            **LAW OFFICES**
                                            **HONIG & GREENBERG, L.L.C.**
                                            By: Adam D. Greenberg, Esq. (AG7719)
                                            1949 Berlin Road
                                            Suite 200
                                            Cherry Hill, New Jersey 08003-3737
                                            (856) 770-0990
                                            Attorneys for Plaintiff
                                            AGREENBERG@HGLLCLAW.COM