Marc A. Riondino, City Attorney
Office of City Attorney
City Hall, Suite 419
P. O. Box 95120
Camden, New Jersey 08101-5120
(856) 757-7170
By:  Michelle Banks-Spearman, Assistant City Attorney
Attorney for Defendant, City of Camden

| | |
|---|---|
| RIVERS BEND HOLDINGS, L.L.C. | **UNITED STATES DISTRICT COURT** |
| | **FOR THE DISTRICT OF NEW JERSEY** |
| | |
| | **CIVIL ACTION** |
| | **NO. 1:13-cv-02060-NLH-JS** |
| | ANSWER AND DEFENSES |
| Plaintiff, | |
| vs. | |
| | |
| UNITED STATES OF AMERICA and the | |
| CITY OF CAMDEN, a Municipal | |
| Defendants | |

Defendant, City of Camden (the "City"), by way of answer to plaintiffs' complaint, does hereby say:

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

## GENERAL ALLEGATIONS AND PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## THE REAL PROPERTY AFFECTED BY THIS ACTION
## 1132 LAKE SHORE DRIVE, BLOCK

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant, City of Camden, neither admits nor denies the truth of these allegations but leaves plaintiff to its proofs at trial.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

## COUNT ONE

### (QUIET TITLE & DECLARATORY JUDGMENT)

14. Defendant, City of Camden incorporates its answers to the prior sections of this complaint as if fully set forth herein at length.

15. The City admits that the law of N.J.S. 54:50-1 et. seq. governs this matter.

16. Admitted.

17. Admitted.

18. Admitted.

19. This is a legal conclusion. The City neither admits nor denies the truth of this allegation.

20. Admitted.

## COUNT TWO

21. Defendant, City of Camden repeats its answers to the above allegations as if set forth here at length.

22. The City is without sufficient knowledge to determine the truth of this allegation and therefore denies it.

23. The City neither admits nor denies the truth of this allegation but leaves Plaintiff to its proofs at trial.

24. The City neither admits nor denies the truth of this allegation but leaves Plaintiff to its proofs at trial.

25. The City neither admits nor denies the truth of this allegation but leaves Plaintiff to its proofs at trial.

## COUNT THREE

26.  Defendant repeats the above answers as if set forth here at length.

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendant denies that all municipal taxes and other municipal liens against the lands and premises have been paid to the time of the commencement of this action.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegation that plaintiff tenders themselves ready and willing to pay all municipal liens asserted against said lands on and after the delinquency for which

said tax sale or sales were held, up to and including the filing of this complaint.

31. Denied.

32. Admitted.

33. Defendant neither admits nor denies the truth of the allegations set forth in this paragraph and leaves Plaintiff to its proofs at trial.

WHEREFORE, defendant demands judgment determining the validity of the taxes assessed against said lands and premises and for such other relief as the court deems equitable and just.

                    MARC A. RIONDINO
                    City Attorney

By:   s/ Michelle Banks-Spearman
      MICHELLE BANKS-SPEARMAN
      Assistant City Attorney

Date: May 16, 2013

### AFFIRMATIVE AND SEPARATE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and answering defendants reserve the right to move to dismiss plaintiff's Complaint on those grounds.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from filing a lawsuit against the defendants for common law negligence as plaintiffs have failed to file a timely and adequate notice of Claim pursuant to the provisions of N.J.S.A. 59:8-1, et seq.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint against the City of Camden, is barred in whole or in part, and the proceedings and/or any recovery resulting there from is barred, limited, and/or controlled by any/all provisions, including the immunities stated herein, of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the plaintiffs' failure to comply with the said provisions, including as if listed herein separately and particularly each and every section identified and encompassed therein.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from suit for the acts alleged in plaintiff's Complaint pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:5 –2.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part due to the absolute and/or qualified immunity accorded to the defendants.

### SIXTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to claim damages recoverable under the New Jersey Frivolous Law Suit as Statute, N.J.S.A. 2A:15-59.1 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred in whole or in part because Plaintiff has failed to establish personal jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

Answering defendant owed no duty to the plaintiffs, but if any were owed, Answering defendants performed each and every duty owed to the plaintiff.  If defendants are found to have

breached any obligation or duty owed to the plaintiff, which breach is specifically denied, such breach was not the proximate cause of any injury or loss that the plaintiff may have sustained.

## TENTH AFFIRMATIVE DEFENSE

The answering defendant was not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part, as the answering defendant is immune by virtue of the good faith exercise of its agents, servants and employees official duties.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The defendants, their agents, servants and/or employees, acted upon reasonable grounds and without malice and are therefore not answerable to the plaintiff for damages or losses.

## SECOND SEPARATE DEFENSE

Defendant assert that plaintiffs' alleged injuries; damages or losses are the result of independent intervening persons and/or agencies or instrumentalities and/or other conditions over which these answering defendants had no control and/or duty to control.

## THIRD SEPARATE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of the plaintiff, and plaintiff is barred from recovery, or his recovery is reduced thereby.

### FOURTH SEPARATE DEFENSE

Defendants submit that the within suit is without legal or factual merit, and said Answering defendants hereby reserve the right to seek appropriate relief under the New Jersey Frivolous Law Suit Statute, N.J.S.A. 2A:15-59.1 et seq.

### FIFTH SEPARATE DEFENSE

Defendants acted reasonably and in good faith based upon the information available to them at the time of the incident.

### SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of equitable/legal estoppel.

### SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of unclean hands.

### EIGHTH SEPARATE DEFENSE

The plaintiff's contributory negligence and/or deliberate action was the sole proximate cause of any alleged damages suffered by the plaintiff.

### NINTH SEPARATE DEFENSE

In the event that it is found that the acts of the agents, servants or employees of the defendant were performed with malice and based upon unreasonable grounds, said acts are outside the scope of authorization from the defendant, City of Camden, and are outside the scope of its employment.  As such, Defendant City of Camden is not answerable to the plaintiff for damages, as liability would not attach to said defendant.

TENTH SEPARATE DEFENSE

Answering defendant has performed each and every duty owed to the plaintiffs. If defendant is found to have breached any obligation or duties owed to the plaintiffs, which breach is specifically denied, such breach was not the proximate cause of any injuries or loses which the plaintiffs may have sustained.

ELEVENTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by the Statue of Limitations.

TWELFTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by Waiver.

WHEREFORE, defendant, City of Camden, hereby demands judgment in its favor as follows:

A. Dismissing the Complaint as to the City of Camden; and

B. For Attorney's fees, interest and costs of suit;

C. For such other relief as the court deems equitable and just.

Marc A. Riondino
City Attorney

Date: May 16, 2013            By:    s/ Michelle Banks-Spearman
                                     MICHELLE BANKS-SPEARMAN
                                     Assistant City Attorney

RESERVATION OF DEFENSES AND OBJECTIONS

The answering defendant hereby reserves the right to interpose such other

defenses and objections as continuing investigation may disclose.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I certify, that to the best of my knowledge and belief, that the matter in controversy is not the subject matter of any other action pending in any Court, nor of any pending arbitration or administrative proceeding.

Date: May 16, 2013                    By:    s/ Michelle Banks-Spearman
                                              MICHELLE BANKS-SPEARMAN
                                              Assistant City Attorney

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michelle Banks-Spearman, Assistant City Attorney, is hereby designated as trial counsel in the above matter.

Date: May 16, 2013                    By:    s/ Michelle Banks-Spearman
                                              MICHELLE BANKS-SPEARMAN
                                              Assistant City Attorney